UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL M. MORRISON,

      Plaintiff,

v.                                    Case No:  2:25-cv-1085-JES-DNF

VERIZON COMMUNICATIONS, INC.
a foreign corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Motion to Dismiss (Doc. #6) filed on December 1, 2025 by Defendant Verizon Communications, Inc. ("Verizon" or "Defendant").[1]  Plaintiff Michael M. Morrison ("Morrison" or "Plaintiff") filed a Response in Opposition (Doc. #7) on December 15, 2025.  For the reasons set forth below, Defendant's motion is granted, and the Complaint (Doc. #5) is dismissed without prejudice with leave to file an amended complaint.

_____

[1] Although sued as Verizon Communications, Inc., Defendant clarifies in its Motion to Dismiss (Doc. #6) that its proper name is Cellco Partnership dba Verizon Wireless.  The Court will refer to Defendant simply as "Verizon" or "Defendant" throughout this Opinion and Order.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the factual allegations of the complaint must be "plausible" and "must be enough to raise a right to relief above the speculative level." Twombly at 555. The facts alleged in the complaint must be accepted as true and construed in a light most favorable to plaintiff. ECB USA, Inc. v. Savencia Cheese USA, LLC, 148 F.4th 1332, 1347 (11th Cir. 2025). The Court uses a two-step process to resolve such a motion to dismiss: The Court first determines what must be pled for the cause of action, then determines whether the well-pleaded factual allegations plausibly suggest an entitlement to relief. Caterpillar Fin. Services Corp. v. Venequip Mach. Sales Corp., 147 F.4th 1341, 1347 (11th Cir. 2025).

**II.**

The following facts are derived from the Complaint (Doc. #5), which is the operative pleading.  In February 2024, an unauthorized Verizon Wireless account was opened in Plaintiff's name without his consent, through which an Apple iPhone was purchased. Although Verizon's internal policies require valid government identification to open such accounts, Defendant failed to verify the applicant's identity.  (Id. at ¶¶ 1-2).

On March 22, 2024, Plaintiff received a collection referral letter regarding a $1,058.87 balance, warning that the debt would be sent to a collection agency and reported to credit bureaus. Despite Plaintiff's repeated attempts to resolve the matter via customer service, Defendant was hostile and refused to provide details regarding the fraudulent account. (Id. at ¶¶ 3-4.) Following Verizon's advice to substantiate his claim, Plaintiff filed a police report on March 28, 2024.  Nevertheless, Verizon failed to timely close the account and instead issued a false debt cancellation report ("charge off" report) to the IRS.  (Id. at ¶¶ 6-8.) In mid-2025, Plaintiff discovered the debt had been reported to consumer reporting agencies, causing his credit score to drop while he was in the process of applying for a loan.  (Id. at ¶ 9.) Plaintiff alleges this resulted in financial harm, tax liability, reputational damage, and emotional distress.  (Id. at ¶ 11.)

Plaintiff originally filed suit in state court on October 7, 2025. Defendant removed the action to federal court on November 24, 2025, asserting subject matter jurisdiction. (Doc. #1.)  The Complaint alleges four counts: Count I (Negligence), Count II (Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")), Count III (Violation of the Fair Credit Reporting Act ("FCRA")), and Count IV (Negligent Infliction of Emotional Distress).  (Doc. #6 at p. 3.)

**III.**

Defendant moves to dismiss Plaintiff's Complaint on several grounds.  The Court begins by addressing Defendant's challenge to Plaintiff's federal claim.

**(1)  FCRA Claim (Count III)**

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007).  The FCRA "imposes a host of requirements concerning the creation and use of consumer reports." Spokeo, Inc. v. Robins, 578 U.S. 330, 335 (2016).  The FCRA regulates three distinct categories of entities: consumer reporting agencies ("CRAs"), users of consumer reports, and furnishers of information to CRAs. See 15 U.S.C. §§ 1681(b), 1681m, and 1681s-2.  This action focuses on the third category — furnishers — which are entities

-4-

that provide consumer debt information to CRAs.  <u>Holden v. Holiday Inn Club Vacations Inc.</u>, 98 F.4th 1359, 1363 (11th Cir. 2024).

The FCRA imposes two primary duties on furnishers.  First, they are prohibited from providing information to a reporting agency if they know, or have reasonable cause to believe, that the information is inaccurate.  Second, once notified that a consumer disputes the accuracy or completeness of reported information, furnishers must take specific investigative and corrective actions.  <u>Id.</u> at 1366 (citing <u>Milgram v. Chase Bank USA, N.A.</u>, 72 F.4th 1212, 1216 (11th Cir. 2023)).

Consumers may dispute credit report inaccuracies through two distinct channels: (1) directly with the furnisher under 15 U.S.C. § 1681s-2(a)(8), or (2) indirectly with a credit reporting agency under 15 U.S.C. § 1681i(a)(2).  <u>Id.</u>  The FCRA does not provide for a private right of action against furnishers for the initial reporting of inaccurate account information to CRAs.  Instead, a consumer's sole private remedy against a furnisher arises under § 1681s-2(b), which is triggered only where a furnisher fails to conduct a reasonable investigation after receiving notice of a dispute from a CRA.  <u>Id.</u> at 1367 (citing <u>Felts v. Wells Fargo Bank, N.A.</u>, 893 F.3d 1305, 1312 (11th Cir. 2018)).  Accordingly, a plaintiff asserting a failure to investigate claim under Section 1681s-2(b) must allege that: (1) a CRA notified the furnisher of

the consumer's dispute, thereby triggering the furnisher's statutory duties; and (2) the furnisher failed respond promptly and investigate. See Arianas v. LVNV Funding LLC, 54 F. Supp. 3d 1308, 1311 (M.D. Fla. 2014).

Defendant argues that Plaintiff's FCRA claim should be dismissed because "Plaintiff cannot allege a claim under Section 1681s-2(a) for the mere furnishing of credit information to a credit reporting agency" and Plaintiff cannot state a claim under Section 1681s-2(b) because he has not alleged that Defendant received notice of Plaintiff's dispute from a CRA.  (Doc. #6 at pp. 7-8.)  Plaintiff responds that he has stated a valid FCRA claim under Section 1681s-2(b) because he submitted his formal identity theft dispute to Experian (a CRA) on October 17, 2025 and Experian later confirmed via phone call that it had forwarded the dispute to Verizon.  According to Plaintiff, at the pleading stage, these allegations easily satisfy Section 1681s-2(b)'s notice requirement.  (Doc. #7 at p. 3.)

While the Court agrees with Plaintiff that the facts alleged in his Response (Doc. #7) would likely suffice to state a claim for failure to investigate under Section 1681s-2(b), the current Complaint is nevertheless insufficient.  A court's review of a motion to dismiss is "limited to the four corners of the complaint."  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959

(11th Cir. 2009).  Thus, the Court may only consider the pleading itself and any documents referred to therein that are central to the claims.  Id.  Consequently, the Court cannot consider supplemental information provided in a response to Defendant's Motion to Dismiss to address Plaintiff's pleading gaps.  See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (noting that on a motion to dismiss, the Court is limited to reviewing allegations found within the complaint, and may not review additional information provided in response to the motion to dismiss.)

Because the Complaint (Doc. #5) lacks allegations that a CRA notified Defendant of the dispute — a mandatory prerequisite for a private right of action under Section 1681s-2(b) — Plaintiff has failed to state a claim upon which relief can be granted.  However, because the supplemental details provided in Plaintiff's Response (Doc. #7) suggest that amendment may cure the deficiencies identified in this Opinion and Order, Count III is dismissed without prejudice with leave to file an amended pleading that asserts the necessary factual allegations.

## (2)  Remaining Claims

Defendant further moves to dismiss Plaintiff's state and common law claims — Negligence (Count I), FDUTPA (Count II), and Negligent Infliction of Emotional Distress (Count IV) — contending

-7-

that they are expressly preempted by the FCRA. (Doc. #6 at p. 9.) Pursuant to the FCRA, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).  Citing to numerous district court cases within this circuit, Defendant argues that this language preempts any statutory or common law claim premised on credit reporting conduct.[2]  (Doc. #6 at p. 10.) Moreover, according to Defendant, Plaintiff's remaining claims fail on their face and must be dismissed under Rule 12(b)(6) for failure to state a claim.  (Id.)

Plaintiff responds that his ancillary claims are not restricted to reporting failures but also involve Verizon's independent failures to: (1) authenticate account applicant signatures and state-issued identification; (2) investigate verbal identity-theft reports; (3) review police documentation; and (4)

---

[2] See Vierbickas v. Verizon Commc'ns Inc., No. 6:15-CV-1314-ORL-41DCI, 2017 WL 5307897, at *4 (M.D. Fla. Apr. 10, 2017) (FCRA "preempts all state causes of action against furnishers of credit information that regulate credit reporting"); Menashi v. Am. Home Mortg. Servicing, Inc., No. 8:11-cv-1346-T-23EAJ, 2011 WL 4599816, at *2 (M.D. Fla. Oct. 4, 2011) (same); Miceli v. Dyck-O'Neal, Inc., No. 6:15-CV-1186-ORL-37KRS, 2016 WL 7666167, at *5 (M.D. Fla. Aug. 9, 2016) (claims predicated on alleged negative reports to CRAs "are preempted by the FCRA").

prevent or correct the creation of a fraudulent account. (Doc. #7 a p. 4.) FCRA preemption does not necessarily extend to allegations that fall outside the scope of the credit-reporting conduct regulated by the statute. To the extent Plaintiff's state law claims are based on separate, non-reporting conduct — such as the negligent opening of a fraudulent account or the failure to verify identification — they may survive preemption. But at this point, there is no Federal claim.

The Court dismisses Plaintiff's state law claims without prejudice for refiling. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (internal citation omitted). Courts are encouraged to dismiss remaining state claims when the federal claims have been dismissed prior to trial. Id. (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)). Before dismissing the remaining state-law claims, the Court must consider the factors of judicial economy, convenience, fairness, and comity. See Ameritox, Ltd. v. Millennium Labs., Inc., 803 F.3d 518, 537 (11th Cir. 2015).

"Both comity and economy are served when issues of state law are resolved by state courts." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002). Moreover, there is nothing

-9-

in the pleadings to suggest that the remaining factors (convenience and fairness) weigh in favor of retaining subject matter jurisdiction.  Thus, the court declines to exercise jurisdiction over the state law claims raised against Verizon without a properly pled federal claim.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #6) is **GRANTED.**

2. The Complaint (Doc. #5) is dismissed without prejudice with leave to file an amended pleading within 21 days of the instant Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-10-